1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11

TERRELL DESHON LEMONS,

Case No.:  14cv2814-DMS (DHB)

12

Plaintiff,

13

v.

**REPORT AND
RECOMMENDATION REGARDING
DEFENDANT'S MOTION TO
DISMISS**

14

ALEJANDRO CAMARILLO, et al. ,

15

Defendants.

16
17

        Plaintiff Terrell Deshon Lemons, a state prisoner incarcerated at the Centinela State

18

Prison ("Centinela"), proceeding *pro se* and *in forma pauperis*, filed a complaint under 42

19

U.S.C. § 1983 alleging a variety of claims against fourteen Centinela staff members.[1]

20

Defendant Camarillo has filed a Motion to Dismiss Plaintiff's Complaint for failure to

21

exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 12(b)(6).

22
23

_____

24

[1]     Plaintiff's First Amended Complaint names the following Centinela staff members
as defendants: Correctional Officer Alejandro Camarillo, Warden Domingo Uribe;
Lieutenant C.S. McWilliams, Officer J. Butcher, Captain M. Greenwood, Sergeant Debra
Pollard, Officer D. Zamora, Lieutenant L. Valenzuela, Sergeant Cortez, Officer R. Castro,
Lieutenant J. Sias, Shady Villalobos L.V.N., I.S.U. Officer S. Luker, and Warden Amy
Miller.  (ECF No. 8.)  Plaintiff sues Defendants Uribe and Villalobos in their individual
and official capacities.  (*Id.*)  Plaintiff sues all other Defendants in their individual capacity
only.  (*Id.*)

25
26
27
28

(ECF No. 11.)  Defendant Camarillo also seeks dismissal of Plaintiff's official capacity claims against him.  (*Id.*)  The remaining thirteen Defendants have joined in the Motion to Dismiss.  (ECF Nos. 43 and 44.)

After a thorough review of the pleadings and the parties' submissions, this Court hereby **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

Plaintiff commenced this action on November 25, 2014 by filing a form Complaint and motion for leave to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)  On January 20, 2015, the Honorable Dana M. Sabraw granted Plaintiff's motion for leave to proceed *in forma pauperis* and, following an initial screening of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), directed U.S. Marshal to serve the Complaint on Plaintiff's behalf.  (ECF No. 3.)  In his original Complaint, Plaintiff indicated that he may not have exhausted his administrative remedies prior to filing his lawsuit.  (ECF No. 1 at 7.)  Specifically, in response to a prompt on the form Complaint regarding exhaustion, Plaintiff stated "Being that there was clear indication that this incident would be referred to the D.A. for prosecution – I was adviced [sic] by my public defender to not initiate any court relief until he litigate [sic] my case, and the case is adjudicated.  (Brian Bells, P.D.).  By the time the Plaintiff's case was completed, and while all administration [sic] remedies was postponed . . . one year, 8 months have passed – at which time, the appeals coordinator time barred my complaint."  (*Id.*, ellipses original.)

On March 9, 2015, Plaintiff filed a Motion for Leave to File an Amended Complaint.  (ECF No. 6.)  On April 13, 2015, the motion was granted, and Plaintiff's First Amended Complaint was filed.  (ECF No. 7, 8.)  Plaintiff added additional Defendants and causes of action in the First Amended Complaint.  (ECF No. 8.)  Plaintiff also amended his allegations regarding exhaustion of administrative remedies.  Plaintiff stated "The Plaintiff has exhausted his administrative remedies with respect to all claims and all defendants."  (*Id.* at 11.)

On May 11, 2015, Defendant Camarillo filed the instant Motion to Dismiss.  (ECF No. 11.)  Defendant Camarillo contends Plaintiff failed to exhaust his administrative remedies, and his failure to exhaust is clear from the face of the Complaint.  Defendant Camarillo also argues he is entitled to Eleventh Amendment immunity for acts he performed in his official capacity.  Plaintiff filed an opposition to Defendant's motion on June 17, 2015.  (ECF No. 23.)  Defendant Camarillo filed a reply on July 16, 2015.  (ECF No. 39.)  On September 2, 2015, Defendants Butcher, Luker, Uribe, Castro, Miller, Greenwood, Cortez, Sias, McWilliams, Zamora, Villalobos, and Pollard joined in the motion to dismiss.  (ECF No. 43.)  Defendant Valenzuela joined in the motion on September 21, 2015.  (ECF No. 44.)

## II. DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [ordinarily] look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  [Citation omitted.]  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).  "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed. v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995)).  "In a civil rights case where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford [the] plaintiff the benefit of any doubt." *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

/ / /

**A.     Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is "mandatory."  *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)); *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002).  Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204 (2007).  "In a typical PLRA case, a defendant will have to present probative evidence [in a Rule 56 motion for summary judgment] . . . that the prisoner has failed to exhaust administrative remedies under § 1997e(a)." *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc).  However, "in . . . rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim." *Albino*, 747 F.3d at 1169 (citing *Jones*, 549 U.S. at 215-16; *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam) ("[A]ffirmative defenses may not be raised by motion to dismiss, but this is not true when, as here, the defense raises no disputed issues of fact."); *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) ("[O]nly in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse.")).

Here, Defendant Camarillo argues that is it clear from the face of the Complaint that Petitioner has not exhausted his administrative remedies.  Therefore, Defendant Camarillo moves to dismiss pursuant to Rule 12(b)(6).  However, Defendant's argument is premised on Plaintiff's allegations as they appeared in the original Complaint, and not the First Amended Complaint.  In the First Amended Complaint – which is the operative complaint – Petitioner alleges that he "has exhausted his administrative remedies with respect to all claims and all Defendants."  (*See* ECF No. 8 at 11, ¶ 54.)  Thus, it is not evident from the face of the First Amended Complaint that Petitioner failed to exhaust his administrative

remedies.  Moreover, the Court cannot consider the evidence Plaintiff presented in his opposition to the Motion to Dismiss to find a failure to exhaust.  *Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendants' motion to dismiss.").  Therefore, the Court finds this case is not among the "rare cases" where dismissal for failure to exhaust is appropriate under Rule 12(b)(6).  Accordingly, the Court **RECOMMENDS** that Defendant's Motion to Dismiss for failure to exhaust administrative remedies be **DENIED without prejudice** to the filing of a Rule 56 motion for summary judgment.

### B.  Official Capacity Claims

Plaintiff alleges in his Complaint that he is suing Defendants Camarillo and Villalobos in both their official and individual capacities.  (ECF No. 8 at ¶¶ 5, 12.) Defendant Camarillo contends that he is entitled to Eleventh Amendment immunity for acts he performed in his official capacity.  Although Defendant Villalobos has not specifically argued she is entitled to immunity under the Eleventh Amendment, the Court will construe her joinder in the Motion to Dismiss as also requesting dismissal of Plaintiff's claims against her in her official capacity.

"The Eleventh Amendment immunizes states from private damage actions brought in federal court."  *Henry v. Cnty. of Shasta*, 132 F.3d 512, 517 (9th Cir. 1997).  The Eleventh Amendment also bars § 1983 suits for money damages against state officers in their official capacities unless the state waives such immunity.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1995).

Here, Plaintiff sued Defendants Camarillo and Villalobos in both their official and individual capacities for money damages.  (ECF No. 8 at ¶¶ 5, 12.)  Since the State of California has not waived immunity, Defendants Camarillo and Villalobos are immune

from Plaintiff's suit for money damages in regard to actions taken in their official capacities as state officers.  Accordingly, the Court **RECOMMENDS** that Defendant's Motion to Dismiss the claims for money damages against Defendants Camarillo and Villalobos in their official capacities be **GRANTED**.

## III. CONCLUSION

The Court submits this Report and Recommendation to United States District Judge Dana M. Sabraw pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.3.  For the reasons outlined above, IT IS HEREBY RECOMMENDED that the District Judge issue an order **GRANTING in part** and **DENYING in part** Defendants' Motion to Dismiss.  (ECF No. 11.)

IT IS FURTHER ORDERED that no later than **October 14, 2015**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be filed with the Court and served on all parties no later than **October 24, 2015**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

 Dated:  September 30, 2015

Hon. David H. Bartick
United States Magistrate Judge