UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL DESHON LEMONS,<br><br>                                Plaintiff,<br><br>v.<br><br>ALEJANDRO CAMARILLO, et al.,<br><br>                               Defendants. | Case No.: 14-cv-2814-DMS (DHB)<br><br>**ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>**(ECF No. 182)** |

On July 21, 2017, Plaintiff Terrell Deshon Lemons ("Plaintiff") filed his Motion to Compel Discovery *nunc pro tunc*. (ECF No. 182.)[1] On August 22, 2017, the Court ordered Defendants Alejandro Camarillo, C.S. McWilliams, J. Butcher, and D. Zamora (collectively "Defendants") to file a response to Plaintiff's motion by September 8, 2017. (ECF No. 189.) Defendants filed their response in opposition to Plaintiff's motion on September 6, 2017. (ECF No. 193.)

//

---

[1] Petitioner mailed his motion on July 21, 2017. The Clerk of the Court's office received Plaintiff's motion on July 27, 2017 and filed it *nunc pro tunc* to that date on August 1, 2017.

## BACKGROUND

On June 7, 2017, Plaintiff filed a motion to reconsider appointment of counsel, which also laid out his complaints regarding Defendants' responses to his discovery requests. (ECF No. 168.) On July 26, 2017, the Court held a discovery conference in this case. (ECF No. 179.) At that conference, the Court addressed the production of training manuals and complaints filed against Defendants Butcher, Camarillo, McWilliams, and Zamora. *Id.* The Court issued an order following that conference ordering *in camera* review of certain documents. (*See* ECF No. 180.)

At the time of the July 26, 2017 conference, the Court was unaware that Plaintiff filed a Motion for an Order to Compel Discovery before the conference. (*See* ECF No. 182.) After reviewing the motion, the Court noted that not all the issues Plaintiff raised within his motion were addressed at the discovery conference and ordered Defendants to file a response to Plaintiff's motion by September 8, 2017. (ECF No. 189 at p. 2.) Specifically, the Court pointed out that Defendants should address Plaintiff's contentions that the following should be produced:

1) "'[All] documents and electronic data related to inmate appeals, inmate grievances, or inmate 602's' filed against the individual Defendants related to "acts of dishonesty," including but not limited to allegations that individual Defendants filed a false charge against an inmate, allegations that the individual Defendants falsified a report, or an allegation that the individual Defendant engaged in any conduct that bears on his/her credibility, veracity, or truthfulness;

2) Plaintiff's C-file, in its entirety, to the litigation coordinator, without restriction on time, number and manner of Plaintiff's review of his C-file;

3) The individual Defendants' reports related and relevant to Plaintiff's civil action;

4) The personnel files of the Defendant Correctional Officers as it relates to discipline and/or training of the individual Defendants." *Id.*

On September 6, 2017, Defendants filed a Joint Opposition to Plaintiff's Motion to Compel. (ECF No. 193.)

# DISCUSSION

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party is entitled to seek discovery of any non-privileged matter that is relevant to his claims. Fed.R.Civ.P. 26. The discovery may include information that is not admissible as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* The responding party is obligated to respond to interrogatories to the fullest extent possible, and any objections must be stated with specificity. Fed.R.Civ.P. 33(b)(3)-(4). "The responding party shall use common sense and reason, and hyper-technical quibbling, or evasive objections will not be treated with favor." *Jacobs v. Quinones*, 2015 WL 3717542, at *1 (E.D. Cal. June 12, 2015) (internal citations omitted). If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden in his motion to compel to demonstrate why the objections is not justified. *See Glass v. Beer*, 2007 WL 913876, at *1 (E.D. Cal Mar. 23, 2007). In general, a party must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not justified. *Id*; *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

A party may also request the production of any document within the scope of Rule 26(b) of the Federal Rules. Fed.R.Civ.P. 34(a). Under Rule 34, a request for the production of documents is sufficient if the documents or things to be produced are described by item or category with "reasonable particularity." Fed.R.Civ.P. 34(b)(1)(A). "The test for reasonable particularity is whether the request places a party upon 'reasonable notice of what is called for and what is not.'" *Bruggeman v. Blagojevich*, 219 F.R.D. 430, 436 (N.D. Ill. 2004); *see also Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649-50 (10th Cir. 2008) ("[A] discovery request should be sufficiently definite and limited in scope that it can be said 'to apprise a person of ordinary intelligence what documents are required and [to enable] the court…to ascertain whether the requested documents have been produced.'"). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the

reasons." Fed.R.Civ.P. 34(b)(2)(B). Rule 34 requires that objections to a request for the production of documents be timely and the grounds be stated with specificity. *See* Fed.R.Civ.P. 34(b)(2).

"If the responding party objects to the requested form—or if no form was specified in the request—the party must state the form or forms it intends to use." Fed.R.Civ.P. 34(b)(2)(D). Unless otherwise stipulated or ordered by the Court, a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request. Fed.R.Civ.P. 34(b)(2)(E)(i).

   1.   <u>Interrogatories</u>

On May 23, 2016, Plaintiff propounded his Interrogatories and Request for Production of documents together on individual Defendants. (*See* ECF No. 193-1 at pp. 12-33.) On July 11, 2016, Defendants responded to Plaintiff's Interrogatories. *Id.* at pp. 35-54. In the declaration in support of his Motion to Compel, Plaintiff contends that he questioned Defendants regarding "the vagueness and ambiguity/evasive answers to Plaintiff's Interrogatories…being that the Defendants stipulated that 'they cannot admit or deny'." (ECF No. 182 at p. 20.)

Defendants argue that Plaintiff's motion to compel additional interrogatory responses lacks sufficient detail. (ECF No. 193 at pp. 4-6.) Specifically, Defendants contend that Plaintiff failed to meet his burden to prove Defendants objection were not justified as his motion does not set out specific interrogatories that Plaintiff seeks to compel responses to. *Id.* at pp. 4-5. Defendants point out that "none of Defendants' responses to Plaintiff's Interrogatories state that they 'cannot admit or deny' in response to any Interrogatory from Plaintiff." *Id.* at p. 5. Moreover, Defendants maintain that they responded clearly and fully to each of Plaintiff's interrogatories in separate responses.

Plaintiff failed to meet his burden to compel discovery. The Court agrees with Defendants' contention that Plaintiff's entire motion to compel focuses on document production and raises no arguments regarding Defendants' interrogatory responses in his motion. For example, Plaintiff's requested relief at the conclusion of his motion only seeks

4

documents from the Defendants. (*See* ECF No. 182 at p. 16.) Consequently, the Court finds Plaintiff's motion does not provide sufficient justification for the Court to compel further interrogatory responses from Defendants. Therefore, Plaintiff's motion to compel further responses to interrogatories is DENIED.

2. <u>Acts of Dishonesty and Personnel Files</u>

In his motion to compel, Plaintiff sought the Court's assistance in ordering production of the following:

> "'[All] documents and electronic data related to inmate appeals, inmate grievances, or inmate 602's" filed against the individual Defendants related to "acts of dishonesty," including but not limited to allegations that individual Defendants filed a false charge against an inmate, allegations that the individual Defendants falsified a report, or an allegation that the individual Defendant engaged in any conduct that bears on his/her credibility, veracity, or truthfulness.' (ECF No. 182 at p. 20.)
>
> …
> The personnel files of the Defendant Correctional Officers as it relates to discipline and/or training of the individual Defendants." (ECF No. 182 at p. 18-19.)

In opposition, Defendants argue that production of Defendants' personnel files, including complaints against Defendants have already been discussed, briefed, and considered by the Court. (ECF No. 193 at pp. 6-8.) Defendants challenge these requests contending they were not included in Plaintiff's actual discovery requests and already discussed during the Court's earlier Discovery Conference. *Id.* at pp. 6, 7. Also, Defendant assert that Plaintiff's request for complaints related to "acts of dishonesty" is merely a narrower version of Plaintiff's Request for Production, Number 1 which sought documents and/or complaints "concerning the mistreatment of inmates" against Defendants. *Id.* Moreover, Defendants argue that the Court addressed Plaintiff's request for personnel files at the Discovery Conference and narrowed the scope of Plaintiff's document request for *in camera* review. *Id.* at p. 8.

After reviewing Plaintiff's Request for Production of Documents, the Court agrees with Defendants that these specific requests were not included in Plaintiff's original

5

requests. (*See* ECF No. 193-1 at pp. 6-10.) Accordingly, Plaintiff cannot seek by way of motion to compel documents, which were never requested prior in the course of discovery. *See Taylor v. O'Hanneson*, 2014 WL 2696585, at *3 (E.D. Cal. June 13, 2014). Moreover, Plaintiff's request for "[All] documents and electronic data related to inmate appeals, inmate grievances, or inmate 602's" was discussed during the Court's discovery conference and synthesized in the Court's Order Following the Discovery Conference and Order Following In-Camera Review. (*See* ECF Nos. 180, 192.) After the Defendants' initial production of document for in-camera review, the Court ordered Defendants to conduct a more thorough search of all records pertaining to the named defendants and Defendants have submitted documents in accordance with the order. (*See* ECF No. 192.) On October, 2, 2017, Defendants submitted additional documents to the Court for *in camera* review.[2] Therefore, a separate order will issue after the Court completes an *in camera* review of those documents.

3. Central File ("C-File")

**Request For Production No. 7**

"Any and all logs, lists, or other documentation reflecting grievances filed by Plaintiff…under Warden D. Uribe Jr. and A. Miller since March 30, 2009." (ECF No. 193-1 at p. 60.)

**Response To Request For Production No. 7**

"Objection. This request is over broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents responsive to this request are also equally available to Plaintiff through an "*Olson* review" of his Central File. DOM §§ 13030.16, 13030.16.1; *Olson v. Pope* 37 Cal.App. 3d 783 (1974)." *Id.*

//

//

---

[2] Plaintiff's motion to compel these submitted documents shall remain pending until the Court completes an *in camera* review. A separate order will issue upon conclusion of the Court's review.

**Request For Production No. 8**

"Any and all documents created by any 'CSP' staff or any other CDCR employee or official in response to a grievance filed by the Plaintiff since March 30, 2009, concerning his Super. III G.E. Radio, staff misconduct, property, mail, or any appeals of that grievance." *Id.*

**Response To Request For Production No. 8**

"Objection. This request is vague ambiguous, overbroad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents responsive to this request relative to Plaintiff's Super. III G.E. Radio and related inmate appeals and staff responses are equally available to Plaintiff through an "*Olson* review" of his Central File. DOM §§ 13030.16, 13030.16.1; *Olson v. Pope* 37 Cal.App. 3d 783 (1974)." *Id.* at p. 61.

In his motion to compel, Plaintiff declares that since his C-file is now only produced on a disc, Defendants have direct access to retrieve his C-file in paper form when he requests an *Olson* review. (ECF No. 182 at p. 22.) Plaintiff also declares that his counselor would inquire about what he specifically needed in his C-file due to the confidential nature of some of the documents contained therein. *Id.*

In opposition, Defendants argue Plaintiff did not request his C-File and his complaints regarding the manner of review are outside the scope of the litigation. (ECF No. 193 at p. 9.) Specifically, Defendants contend that they should not be compelled to produce Plaintiff's C-file for the following reasons: (1) Plaintiff's requests for production did not include his C-file, only Defendants' responses revealed it as the source for documents Plaintiff specifically requested; (2) Plaintiff's C-file is readily available to him through an *Olson* review; and (3) the process and manner of review of Plaintiff's C-file is outside the scope of the litigation and beyond Defendants' control. *Id.* Alternatively, Defendants are willing to coordinate and assist Plaintiff in obtaining a time to review his C-file with either his counselor or the Litigation Coordinator in the next 30 days. *Id.*

The court has reviewed the documents produced for *in camera* review. A separate order will issue as relates to that review. However, based on the responses given by Defendants to Requests for Production numbers 7 and 8, it is impossible for the Court the ascertain whether the documents produced for *in camera* review are the documents to which Defendants refer in their responses to number 7 and 8.

Consequently, the Court finds that Defendants have failed to adequately identify with particularity the documents that they contend are responsive to Plaintiff's requests number 7 and 8 making it impossible for either the Plaintiff or the litigation coordinator to locate the responsive documents in the C-file. Further, to require the litigation coordinator to somehow identify the responsive documents based upon Defendants' ambiguous, vague and evasive response violates Plaintiff's privacy rights, and attorney work product privilege. Such a procedure interferes with Plaintiff's ability to prepare his case for trial without an employee of the prison knowing his thought processes.

Based thereon, the Court finds that Plaintiff should have the opportunity to review his C-file without restriction as to time and duration of review. Further, due to the conditions of confinement and limitations of such a review if the C-file is produced electronically or on disc, then the Court finds the C-File SHALL be produced in readable, paper form in its entirety. Production shall be within 10 days of the date of this order to the office of the litigation coordinator. Plaintiff shall be allowed to review the C-file unrestricted as to time, manner or duration of review.

4. <u>Incident Reports</u>

In the declaration supporting his Motion to Compel, Plaintiff asserts that he needs the Court to conduct an *in camera* review of the documents and reports for which this litigation arises. (ECF No. 182 at p. 21.) Defendants argue that they have previously provided Plaintiff the incident report related and relevant to his civil action. (ECF No. 193 at pp. 9-10.)

In Plaintiff's Request for Production No. 12, Plaintiff sought "[A]ny and all documents including but not limited to the use of force reports, created by any Centinela

staff member or any other Department of Corrections employee or official concerning any use of force incident involving the Plaintiff on August 23, 2012 and February 24, 2014." (ECF No. 193-1 at p. 62.) Notwithstanding their objection, Defendants produced an incident report relevant to the underlying incident here. *Id.* To the extent Defendants' production may have been incomplete, the Court has reviewed *in camera* three (3) additional 602s submitted by Defendants, none of which are dated August 23, 2012 or February 24, 2014. Consequently, Defendants SHALL produce incident reports for the August 23, 2012 and February 24, 2014 incident reports to the extent they have not already been produced.

## CONCLUSION

1. Plaintiff's Motion to Compel further responses to interrogatories is **DENIED**.

2. Plaintiff's Motion to Compel "acts of dishonesty" documents and Defendants' personnel files is **PENDING** until the Court completes an *in camera* review of additional documents submitted by Defendants.

3. Plaintiff's Motion to Compel his Central file in paper form is **GRANTED** as set forth above.

4. Plaintiff's Motion to Compel documents and reports beyond the incident report that has been produced is **GRANTED** as neither is included in the *in camera* submissions. Defendants SHALL produce them to the extent they have not already been produced.

IT IS SO ORDERED.

Dated: October 18, 2017

LOUISA S PORTER
United States Magistrate Judge