# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL DESHON LEMONS,<br><br>                                 Plaintiff,<br>v.<br><br>A. CAMARILLO, et al.,<br>                              Defendants. | Case No.: 14-cv-2814-DMS (DHB)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF No. 212]**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT [ECF No. 235]**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF No. 237]**<br><br>**(4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF No. 242]** |

      Pending before the Court is Defendants A. Camarillo, D. Zamora, and C. McWilliams' motion for summary judgment. (ECF No. 212.) Also pending before the

Court are Plaintiff's motions for summary judgment, leave to amend complaint, and leave to supplement opposition to Defendants' summary judgment motion. (ECF Nos. 235, 237, 242.) The motions have been fully briefed. For the following reasons, Defendants' motion for summary judgment is granted and Plaintiff's motions are denied.

# I.

# BACKGROUND[1]

On August 15, 2012, Plaintiff's "Super III G.E." radio was confiscated during a cell search. (ECF No. 60 at 3-4.) The following day Plaintiff confronted Defendant Camarillo about why his confiscated radio was not identified on the cell search receipt, and Camarillo responded the radio did not have Plaintiff's name or CDCR number on it. (*Id.* at 5.) Thereafter, Plaintiff produced documentation demonstrating ownership of the radio. (*Id.* at 5-6.) Plaintiff drafted a 602 appeal challenging his radio confiscation, but did not file the appeal because his radio was returned. (*Id.*)

Several days later, on August 23, 2012, Defendants Camarillo and Zamora were checking inmates in and out of the chow hall. (ECF No. 212-2 at 3.) As part of that process, correctional officers routinely perform random pat-down clothed-body searches of inmates for contraband and stolen items from the chow hall. (*Id.* at 2.) When Plaintiff exited the chow hall, Camarillo conducted a search of Plaintiff. (ECF No. 60 at 6.) The parties dispute what transpired therafter. Plaintiff alleges he complied with the search, but the pat-down search became "aggressive" and he "felt a shot of pain from his testicles to the gut of his stomach." (*Id.*) Plaintiff alleges he was unable to remain in the "spread eagle" position due to the pain, but Camarillo told him to "put your [expletive] hands in the air and squeezed his grasp harder." (*Id.* at 7.) Plaintiff "bucked in an attempt to free himself" but was "subdued and restrained on the ground" by Butcher and Zamora while "Camarillo continued to punch Plaintiff upon the face and while applying a choke-hold."

---

[1] Plaintiff is currently an inmate at Ironwood State Prison, but was incarcerated at Centinela State Prison at all times relevant to the present claims. (*See* ECF No. 231 at 19.)

(*Id.*)  Plaintiff claims that "after allowing this to go on for some time," Butcher "pulled and/or waved" Camarillo off Plaintiff.  (*Id.*)  Defendants, on the other hand, contend Camarillo searched Plaintiff, and believed he felt a small round bindle near Plaintiff's left pocket.  (ECF No. 212-16 at 3.)  Camarillo asked Plaintiff to place his hands behind his back to handcuff him.  (*Id.*)  As Camarillo reached for his handcuffs, Plaintiff spun around and punched Camarillo in the face.  (*Id.*)  Plaintiff continued striking Camarillo until Defendant Zamora and Correctional Officer Butcher intervened.  (ECF Nos. 212-14 at 2, 202-2 at 26-27.)

As a result of this incident, Plaintiff was charged with battery on a peace officer in violation of Cal. Code Regs. §3005(d)(1), which was documented in Rules Violation Report, Log No. FC-12-08-082 ("RVR").  (ECF No. 212-15 at 2.)  The matter was also referred to the Imperial County District Attorney's Office for prosecution, and Plaintiff requested his disciplinary hearing be postponed pending the outcome of his criminal trial.  (*Id.* at 8, 11.)  On April 2, 2014, Plaintiff was convicted by jury of battery by an inmate on a non-inmate in violation of California Penal Code § 4501.5; he was sentenced to six years in state prison to run consecutively to his existing term.  (*Id.*)

On May 2, 2014, Defendant McWilliams presided over Plaintiff's RVR hearing.  (*See id.* at 7-10.)  Defendant Camarillo was available by telephone.  Plaintiff's request for testimony by other correctional officers was denied.[2]  (*Id.* at 8.)  After considering the evidence, Defendant McWilliams found Plaintiff guilty and forfeited 150 days of Plaintiff's good-time credits.  (*Id.* at 10.)

On June 5, 2014, Plaintiff submitted Appeal Log No. CEN-C-14-0811 ("Appeal 0811") to the Centinela appeals office, alleging misuse of force regarding the August 23, 2012 chow hall incident.  (ECF No. 212-5 at 2.)  Plaintiff's appeal was cancelled at the

---

[2] The testimony of correctional officers Castro, Butcher, Zamora, and Camarillo, as well as Sergeant D. Pollard was included in Plaintiff's I.E. Report, which Defendant McWilliams considered.  (*See* ECF No. 212-15 at 8, 13-15.)  Defendant McWilliams also considered six inmate affidavits included in the I.E. report.  (*See id.* at 8, 17-22.)

first level as untimely because it was submitted 651 days after the incident. (*Id.*) Plaintiff did not pursue his 0811 appeal to the third level. (*See* ECF No. 212-12.) However, Plaintiff did appeal his RVR hearing to the third level on a disciplinary issue, Appeal No. CEN-14-01094 ("Appeal 01094"). (*Id.*; ECF No. 212-8 at 4-5.)

On November 25, 2014, Plaintiff, proceeding *pro se*, filed the instant civil rights action, pursuant to 42 U.S.C. § 1983. (ECF No. 1.) After a series of motions, Plaintiff filed a Second Amended Complaint ("SAC") on June 20, 2016. (ECF No. 60.) The SAC alleges excessive force, retaliation, denial of due process, and assault and battery against Defendants. (*Id.*) These claims arise from the August 23, 2012 chow hall incident and the corresponding RVR hearing on May 2, 2014. (ECF No. 212-15 at 7.)

## II.

## LEGAL STANDARD

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial burden of demonstrating summary judgment is proper. *Adickes v. S.H. Kress & Co.* 398 U.S. 144, 157 (1970). The moving party must identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The burden then shifts to the opposing party to show summary judgment is not appropriate. *Celotex*, 477 U.S. at 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, to avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there is a genuine issue for trial. *Id.* More than a "metaphysical doubt" is required to establish a genuine issue of

material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## III.

## DISCUSSION

**A.  42 U.S.C. § 1983 Claims**

Defendants contend they are entitled to summary judgment on all of Plaintiff's Section 1983 claims. (ECF No. 212-1 at 8.) Defendants argue Plaintiff's Section 1983 claims are barred by the favorable determination doctrine, citing *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants also argue Plaintiff has failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"). Each argument is addressed in turn.

Under *Heck*, a civil rights claim is disallowed if rendering a judgment for a plaintiff would necessarily imply the underlying conviction or sentence is invalid. *Heck*, 512 U.S. at 486. There, a state prisoner sought damages under § 1983 for alleged missteps in the investigation leading to his arrest, destruction of exculpatory evidence, and use of an unlawful voice identification procedure at trial. *Id.* at 478-79. The Supreme Court concluded such an action could not be pursued because a judgment in the plaintiff's favor would necessarily impugn his criminal conviction:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 22 U.S.C. § 2254. A claim of damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87 (emphasis in the original).

Here, the undisputed evidence establishes Plaintiff's felony conviction and RVR findings have not been overturned, expunged, or invalidated. As a result of these proceedings, Plaintiff was sentenced to six years in state prison and forfeited 150 days good-time credits. (ECF No. 212-15 at 7-10.) A favorable decision for Plaintiff here would not only call into question those findings, but also shorten Plaintiff's sentence.[3] Under *Heck,* Plaintiff must invalidate the state court and RVR convictions before his Section 1983 claims can be heard. Plaintiff has failed to do so. As noted by the Supreme Court:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Accordingly, Plaintiff's Section 1983 claims are barred by *Heck* because his convictions have not been overturned, expunged, or otherwise invalidated.

Citing to *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005), Plaintiff argues his claims are not barred by *Heck*. In *Hemet*, however, the Ninth Circuit found the plaintiff would be allowed to bring a § 1983 action, notwithstanding Heck, "if the use of excessive force occurred subsequent to the conduct on which his conviction was based." *Id*. at 698. Here, the record establishes Defendants' alleged use of excessive force did not occur subsequent to the conduct on which Plaintiff's conviction was based. In any event, even if Plaintiff was able to overcome the *Heck* bar, Plaintiff has failed to exhaust his administrative remedies prior to filing the present action as required by the PLRA.

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail,

---

[3] *Heck*, 512 U.S. at 477, has been applied to prison disciplinary hearings involving good-time credits. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

6

14-cv-2814-DMS (DHB)

prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is "mandatory." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citation omitted). Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204 (2007).

"Once the defendant has carried that burden, the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc) (citation omitted). "The ultimate burden of proof, however, remains with the defendants, and the evidence must be viewed in the light most favorable to the plaintiff." *Packnett v. Wingo*, No. 09-cv-00327-YGR (PR), 2015 U.S. Dist. LEXIS 42339, at *30 (N.D. Cal. March 31, 2015) (citing *Williams, v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015)). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Albino*, 747 F.3d at 1166. To "properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' [citation omitted] – rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

Here, Defendants have met their burden by submitting evidence showing Plaintiff did not timely file his administrative appeal (Appeal 0811), and thus, did not properly exhaust administrative remedies. Under the regulations governing administrative appeals, Plaintiff was required to appeal within 30 days of the April 23, 2012 incident. *See* Cal. Code Regs. tit. 15, § 3084.8(b). Plaintiff's appeal was cancelled as he waited until June 5, 2014, to file his appeal. (ECF No. 212-5 at 2.)

Plaintiff claims he exhausted his administrative remedies but fails to offer any evidence in support. (ECF No. 231 at 4-5.) Plaintiff argues the CDCR systematically refused to address his administrative appeals. (*Id.* at 4.) Plaintiff asserts his administrative

7

14-cv-2814-DMS (DHB)

appeal should be considered exhausted because it was time-barred and no further appeal existed when he filed his appeal. (*Id.* at 5) (relying on *Woodford v. Ngo* 403 F.3d 620 (9th Cir. 2005)). However, the Supreme Court reversed the Ninth Circuit in *Woodford v. Ngo*, 548 U.S. 81 (2006). The Supreme Court held "[t]he PLRA's exhaustion requirement requires proper exhaustion of administrative remedies[,]" such that a prisoner cannot satisfy the PLRA exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford*, 548 U.S. at 83–84. Here, Plaintiff failed to avail himself of available administrative remedies, such as challenging the appeals coordinator's decision to cancel his appeal. For these reasons, Defendants' motion for summary judgment is granted as to Plaintiff's retaliation and excessive force claims.

**B.     State Law Claims**

Defendants move for summary judgment on Plaintiff's state law claims for assault and battery. (ECF No. 212-1 at 23-24.) Defendants argue Plaintiff's state law claims are barred by failure to comply with California Government Code §§ 810, *et seq*.

The Government Claims Act requires a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. *See* Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim by the governing body, are conditions precedent to filing a suit. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 208–09 (Cal. 2007).

Compliance with the "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1244 (Cal. 2004). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

It is undisputed Plaintiff failed to comply with the Government Claims Act. As of August 24, 2017, after a diligent search, the Government Claims Program at the Department of General Services was unable to locate any claim that had been filed, or presented to, the Government Claims Program by Plaintiff. (*See* ECF No. 212-25 at 2.) Defendants also point out that Plaintiff's operative Complaint does not allege he filed or presented any claims against Defendants Camarillo or Zamora to the Victims Compensation and Government Claims Board. (*See* ECF No. 60.)

Notably, Plaintiff does not assert he complied with the Government Claims Act, but rather argues the statute does not apply here. (ECF No. 231 at 5-6.) Citing *Ney v. State of Cal.*, 439 F.2d 1285 (9th Cir. 1971), Plaintiff argues the Government Claims Act "does not apply to a prisoner's claim under the Civil Rights Act." (ECF No. 231 at 5.) *Ney*, however, is distinguishable. There, the Ninth Circuit held the Act did not bar the plaintiff's civil rights action on statute of limitations grounds because the statute was tolled under California Code Civil Procedure § 352 while the plaintiff was incarcerated. *Id.* at 1287. However, section 352(b) states, "[t]his section shall not apply to an action against a public entity or public employee upon a cause of action for which a claim is required to be presented[.]" Accordingly, Plaintiff's reliance on *Ney* is misplaced.

Plaintiff also asserts, citing *Rumbles v. Hill*, 182 F.3d 1064, 1069-70 (9th Cir. 1999),[4] that Congress's enactment of the PLRA does not require prisoners to exhaust state tort claim procedures before bringing a Section 1983 suit. (ECF No. 231 at 6.) In *Rumbles*, the Ninth Circuit concluded prisoners do not have to exhaust state tort claim procedures before bringing federal claims under Section 1983. *Id.* at 1070. Plaintiff appears to be confusing two separate and distinct exhaustion requirements. First, the PLRA requires Plaintiff to use the inmate appeals process provided by the prison and to exhaust those administrative remedies prior to filing suit. This requirement applies to Plaintiff's claims brought under *federal law*; Plaintiff may pursue such claims without exhausting state tort

---

[4] Overruled on other grounds by *Booth v. Chumer*, 532 U.S. 731 (2001).

9

claim procedures. As indicated above, Plaintiff has failed to meet this requirement. Second, Plaintiff may pursue supplemental *state law claims* without exhausting the inmate appeals process available at the prison, as the PLRA does not apply to his state law claims. However, in order to pursue state law claims in this action, Plaintiff is required to exhaust those claims pursuant to the Government Claims Act. Because Plaintiff has not submitted any evidence he complied with the Government Claims Act with respect to his state law claims, summary judgment is granted in favor of Defendants Camarillo and Zamora.

**C.     MOTION FOR LEAVE TO AMEND COMPLAINT**

Federal Rule of Civil Procedure 15(a) provides a party may amend a pleading after a responsive pleading has been filed only by leave of court unless the opposing party consents to the amendment. Rule 15(a) also states leave to amend "shall be freely given when justice so requires." This policy is "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In determining whether justice requires leave to amend, the Supreme Court directed the following factors be considered:

> [u]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.

*Id.* at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"Delay alone, no matter how lengthy, is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). The party opposing amendment bears the burden to show prejudice. *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Plaintiff seeks to amend the SAC to include injunctive relief in hopes that the addition will allow him to circumvent the *Heck* bar to his § 1983 claims. (ECF No. 235 at 1.) Plaintiff asserts his civil action is not about money but about addressing the criminal conviction and rule violation which will impede his ability to make parole. (*Id.* at 2.) However, the proposed amendment would be futile because, as noted, Plaintiff has not

10

14-cv-2814-DMS (DHB)

1 exhausted his administrative remedies pursuant to PLRA. Plaintiff has been granted leave to amend twice before and has failed to address the procedural impediments to his claims. (*See* ECF Nos. 7, 59.) Plaintiff's motion for leave to amend is therefore denied.

### D. MOTION FOR LEAVE TO SUPPLEMENT OPPOSITION TO DEFENDANTS' SUMMARY JUDGMENT MOTION

Plaintiff's request to supplement his Opposition brief with corrected citations is granted. (*See* ECF No. 237 at 1-2.) Plaintiff also seeks leave to address the need for video cameras on level four yards. (*Id.* at 3.) To that extent, Plaintiff's motion for leave to supplement is denied as failing to satisfy any factor for which justice requires amendment.

### E. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On January 24, 2018, Plaintiff filed a motion for summary judgment against Defendants Zamora and Camarillo on grounds that Zamora failed to present sufficient evidence to warrant relief or Plaintiff's lack of entitlement to relief, (*see* ECF No. 242), and that he is entitled to judgment against Camarillo based on *Cleveland v. Curry*, 07-cv-02809-NJV, 2014 WL 690846 (N.D. Cal. Feb. 21, 2014) (Eighth Amendment claim based on sexual abuse of inmate). (*Id.*)

As an initial matter, Plaintiff's motion is untimely. The Court extended the dispositive motion deadline twice, finally setting it at December 4, 2017. Plaintiff has failed to show good cause why the motion deadline should be extended. Nevertheless, Plaintiff's motion is denied on the merits for the reasons set forth above in Sections A. and B.

## IV.
## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted and Plaintiff's motions are denied. The Clerk of Court shall enter judgment for Defendants.

**IT IS SO ORDERED.**

///

///

Dated: March 15, 2018

_____
Hon. Dana M. Sabraw
United States District Judge